CV 12          4628                    KUNTZ, J.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------------X

POLLAK, M.J

DANIEL SEDA,

                                  Plaintiff,          **COMPLAINT**

        -against-                                     Jury Trial Demanded

CITY OF NEW YORK, AHMAD OTHMAN, Individually,
ANTONIO CANNATA, Individually, JEFF MAIRA, Individually,
WILLIAM HAYNIA, Individually, LAWRENCE COGNATO,
Individually, ANDREW HILLERY, Individually, UNDER
COVER OFFICER 0210, Individually, and JOHN and JANE DOE
1 through 10, Individually (the names John and Jane Doe being
fictitious, as the true names are presently unknown),

                                  Defendants.

--------------------------------------------------------------------------------X

        Plaintiff DANIEL SEDA, by his attorneys, Leventhal & Klein, LLP, complaining of the

defendants, respectfully alleges as follows:

## Preliminary Statement

        1.      Plaintiff brings this action for compensatory damages, punitive damages and

attorneys' fees pursuant to 42 U.S.C. §§ 1981, 1983 and 1988 for violations of his civil rights, as

said rights are secured by said statutes and the Constitution of the United States.  Plaintiff also

asserts supplemental state law claims.

## JURISDICTION

        2.      This action is brought pursuant to 42 U.S.C. §§ 1981, 1983 and 1988, and the

Fourth and Fourteenth Amendments to the United States Constitution.  Plaintiff asserts

supplemental state law claims pursuant to common law and the New York State Constitution.

        3.      Jurisdiction is found upon 28 U.S.C. §§1331, 1343 and 1367.

## VENUE

4.      Venue is properly laid in the Eastern District of New York under 28 U.S.C. § 1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5.      Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38 (b).

## PARTIES

6.      Plaintiff DANIEL SEDA is a thirty-three year old Hispanic American man residing in Staten Island, New York.

7.      Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8.      Defendant CITY OF NEW YORK maintains the New York City Police Department (hereinafter referred to as "NYPD"), a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, CITY OF NEW YORK.

9.      That at all times hereinafter mentioned, the individually named defendants, AHMAD OTHMAN, ANTONIO CANNATA, JEFF MAIRA, WILLIAM HAYNIA, LAWRENCE COGNATO, UNDER COVER OFFICER 0210, ANDREW HILLERY, and JOHN and JANE DOE 1 through 10, were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10.     That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the

2

official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New York and/or the City of New York.

11.    Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

## FACTS

12.    This action arises from the defendants' custom, policy and practices of falsification, use of excessive force, and harassment, resulting in the successive violations of plaintiff's civil rights on March 7, 2010 and June 17, 2011.

**Incident One**

13.    The first incident began on March 7, 2010 at approximately 6:00 p.m.

14.    Plaintiff was inside of the 120th Precinct Stationhouse under the custody and care of defendant NYPD Officers including, but not limited to, AHMAD OTHMAN, ANTONIO CANNATA, JEFF MAIRA, and WILLIAM HAYNIA.

15.    While inside of the precinct, plaintiff, who suffers from asthma, began to experience trouble breathing and requested an ambulance.

16.    The defendant officers summoned emergency medical technicians (hereinafter referred to as "EMTs") to the precinct to transport plaintiff to a hospital.

17.    When the EMTs arrived, defendant officers rear handcuffed plaintiff and placed severely over tight shackles on his ankles.

18.    Plaintiff immediately complained to the defendant officers that they had shackled his ankles too tight and requested the shackles be loosened.

19.    In response to plaintiff's complaints, a defendant officer, upon information and

belief believed to be defendant OTHMAN, leaned down and instead of loosening the shackles, squeezed them even tighter.

20.    In response plaintiff jerked forward in pain and accidently bumped into defendant OTHMAN's shoulder area.

21.    After plaintiff bumped officer OTHMAN's shoulder, the defendant officers grabbed plaintiff, threw him on the floor and began to punch and kick him in the face, head, back and sides of his body.

22.    While the defendant officers beat plaintiff, they referred to him as a dirty spic and a Mexican.

23.    After the defendant officers brutally beat plaintiff, the EMTs transported plaintiff to Richmond University Medical Center, where he received treatment for his injuries.

24.    The defendant NYPD officers AHMAD OTHMAN, ANTONIO CANNATA, JEFF MAIRA, WILLIAM HAYNIA, and JOHN and JANE DOE 1 through 5 either participated in or failed to intervene in the illegal conduct described herein.

25.    Defendant WILLIAM HAYNIA supervised defendants AHMAD OTHMAN, ANTONIO CANNATA, JEFF MAIRA, and JOHN and JANE DOE 1 through 5, and approved of, oversaw, and otherwise participated in the excessive force used against plaintiff.

**Incident Two**

26.    The second incident began on June 17, 2011, at approximately 9:30 p.m.

27.    Plaintiff was present at his home, located at 497 Delafield Avenue, Staten Island, New York, when defendant officers falsely arrested plaintiff and accused him of selling marijuana to defendant UNDER COVER OFFICER 0210 on December 3, 2009.

28.    Based on defendant UNDER COVER OFFICER 0210's false accusations, the

defendant officers unlawfully imprisoned plaintiff in a police vehicle and transported plaintiff to the 120th Police Precinct stationhouse and imprisoned him therein.

29.     Plaintiff remained imprisoned until his release on June 18, 2011, after his arraignment in Richmond County Criminal Court, on false charges filed against him on Docket No. 2011RI005741, based on the false statements of the defendants.

30.     The defendants initiated said prosecution with malice, and otherwise caused said prosecution to be commenced against plaintiff for the purpose of obtaining a collateral objective outside the legitimate ends of the legal process, to wit: to cover up the above mentioned abuse of authority.

31.     Plaintiff continued to appear as required in Richmond County Criminal Court until, on June 28, 2012, all the false charges filed against plaintiff were adjourned in contemplation of dismissal.

32.     The defendant NYPD officers UNDER COVER OFFICER 0210, LAWRENCE COGNATO, ANDREW HILLERY, and JOHN and JANE DOE 6 through 10 either participated in or failed to intervene in the illegal conduct described herein.

33.     Defendant ANDREW HILLERY supervised defendants UNDER COVER OFFICER 0210, LAWRENCE COGNATO, and JOHN and JANE DOE 6 through 10, and approved of, oversaw, and otherwise participated in the arrest and prosecution of the plaintiff.

**As to Incidents One and Two**

34.     All of the above occurred as a direct result of the unconstitutional policies, customs or practices of the City of New York, including, without limitation, the inadequate screening, hiring, retaining, training, and supervising of its employees, and due to discrimination against plaintiff based on his race.

5

35.    The aforesaid events are not isolated incidents.   Defendant CITY OF NEW YORK is aware (from lawsuits, notices of claims, and complaints field with the NYPD's Internal Affairs Bureau, and the CITY OF NEW YORK'S Civilian Complaint Review Board) that many NYPD officers, including the defendants, are insufficiently trained regarding the use of force; are insufficiently trained regarding racial sensitivity; improperly abuse their authority to detain, search and arrest individuals, and engage in falsification and/or commit perjury and/or manufacture evidence in an attempt to convict said individuals.

36.    Defendant CITY OF NEW YORK is further aware that such improper training has often resulted in a deprivation of civil rights.  Despite such notice, defendant CITY OF NEW YORK has failed to take corrective action.  This failure caused the officers in the present case to violate the plaintiff's civil rights.

37.    Moreover, upon information and belief, defendant CITY OF NEW YORK was aware, prior to the incident, that the individual defendants lacked the objectivity, temperament, maturity, discretion, and disposition to be employed as police officers.  Despite such notice, defendant CITY of NEW YORK has retained these officers, and failed to adequately train and supervise them.

38.    As a result of the foregoing, plaintiff DANIEL SEDA sustained, *inter alia*, physical injuries, emotional distress, embarrassment, and humiliation, and deprivation of his liberty and his constitutional rights.

## AS AND FOR A FIRST CAUSE OF ACTION
### (Deprivation of Rights Under 42 U.S.C. § 1983)

39.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs "1" through "38" with the same force and effect as if fully set forth herein.

40.    All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of state law.

41.    All of the aforementioned acts deprived plaintiff DANIEL SEDA, a member of a racial minority, of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §§ 1981 and 1983.

42.    The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto, and with the intent to discriminate on the basis of race.

43.    The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the CITY OF NEW YORK and the New York City Police Department, all under the supervision of ranking officers of said department.

44.    Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

45.    As a result of the foregoing, plaintiff DANIEL SEDA is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A SECOND CAUSE OF ACTION
(False Arrest/Unlawful Imprisonment under 42 U.S.C. § 1983)

46.    Plaintiff repeats, reiterates and realleges each and every allegation contained in

paragraphs numbered "1" through "45" with the same force and effect as if fully set forth herein.

47.    On June 17, 2011, the defendants arrested plaintiff DANIEL SEDA without probable cause, causing him to be detained against his will for an extended period of time and subjected him to physical restraints.

48.    Defendants caused plaintiff DANIEL SEDA to be falsely arrested and unlawfully imprisoned.

49.    As a result of the foregoing, plaintiff DANIEL SEDA is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A THIRD CAUSE OF ACTION**
(Excessive Force under 42 U.S.C. § 1983)

50.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "49" with the same force and effect as if fully set forth herein.

51.    The level of force employed by defendants during Incident One was excessive, objectively unreasonable and otherwise in violation of plaintiff DANIEL SEDA'S constitutional rights.

52.    As a result of the aforementioned conduct of the defendants on March 7, 2010, plaintiff DANIEL SEDA was subjected to excessive force and sustained physical pain and suffering.

53.    As a result of the foregoing, plaintiff DANIEL SEDA is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees,

costs and disbursements of this action.

## AS AND FOR A FOURTH CAUSE OF ACTION
### (Malicious Abuse of Process under 42 U.S.C. § 1983)

54.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "53" with the same force and effect as if fully set forth herein.

55.    As a result of the acts beginning on June 17, 2011, the defendants maliciously issued criminal process against plaintiff DANIEL SEDA by causing him to appear in Richmond County Criminal Court.

56.    Defendants caused plaintiff DANIEL SEDA to appear in order to obtain a collateral objective outside the legitimate ends of the legal process, to wit: to cover up their acts of brutality and abuse of authority.

57.    As a result of the foregoing, plaintiff DANIEL SEDA is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A FIFTH CAUSE OF ACTION
### (Violation of the Equal Protection Clause under 42 U.S.C. § 1983)

58.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "57" with the same force and effect as if fully set forth herein.

59.    The defendants seized, assaulted, battered detained, arrested and imprisoned plaintiff DANIEL SEDA because of his national origin, and/or race, or otherwise failed to intervene to prevent such treatment committed in their presence by other NYPD officers.

60.    As a result of the foregoing, plaintiff DANIEL SEDA was deprived of his rights under the Equal Protection Clause of the United States Constitution.

61.    As a result of the foregoing, plaintiff DANIEL SEDA is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A SIXTH CAUSE OF ACTION
### (Failure to Intervene under 42 U.S.C. § 1983)

62.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "61" with the same force and effect as if fully set forth herein.

63.    Defendants had an affirmative duty to intervene on behalf of plaintiff DANIEL SEDA, whose constitutional rights were being violated in their presence by other officers.

64.    The defendants failed to intervene to prevent the unlawful conduct described herein.

65.    As a result of the foregoing, plaintiff DANIEL SEDA was subjected to excessive force, his liberty was restricted for an extended period of time, he was put in fear of his safety, and he was humiliated and subjected to handcuffing and other physical restraints, and detained without probable cause.

66.    As a result of the foregoing, plaintiff DANIEL SEDA is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A SEVENTH CAUSE OF ACTION
### (Supervisory Liability under 42 U.S.C. § 1983)

67.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "66" with the same force and effect as if fully set forth herein.

68.     The supervisory defendants involved in each instance set forth herein personally caused plaintiff DANIEL SEDA'S constitutional injury by being deliberately or consciously indifferent to the rights of others in failing to properly supervise and train their subordinate employees.

69.     As a result of the foregoing, plaintiff DANIEL SEDA is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR AN EIGHTH CAUSE OF ACTION
### (Municipal Liability under 42 U.S.C. § 1983)

70.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "69" with the same force and effect as if fully set forth herein.

71.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

72.     The aforementioned customs, policies, usages, practices, procedures and rules of the City of New York Police Department included, but were not limited to, engaging in falsification; engaging in racially or otherwise maliciously motivated conduct; subjecting individuals to excessive force, falsely arresting individuals, and then committing perjury and/or manufacturing evidence in an effort to convict such individuals.

73.     In addition, the City of New York engaged in a policy, custom or practice of inadequate screening, hiring, retaining, training, and supervising its employees that was the moving force behind the violation of plaintiff DANIEL SEDA'S rights as described herein. As a

result of the failure of the City of New York to properly recruit, screen, train, discipline, and supervise its officers, including the individual defendants, defendant CITY OF NEW YORK has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

74.     The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiff DANIEL SEDA.

75.     The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff DANIEL SEDA as alleged herein.

76.     The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the moving force behind the Constitutional violations suffered by plaintiff DANIEL SEDA as alleged herein.

77.     As a result of the foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department, plaintiff DANIEL SEDA was seized, subjected to excessive force, falsely arrested and imprisoned, and maliciously issued process.

78.     Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiff DANIEL SEDA'S constitutional rights.

79.     All of the foregoing acts by defendants deprived plaintiff DANIEL SEDA of federally protected rights, including, but not limited to, the right:

      A.     Not to be deprived of liberty without due process of law;

      B.     To be free from the use of excessive force and/or the failure to intervene;

C.    To be free from seizure and arrest not based upon probable cause;

D.    To be free from malicious abuse of process;

E.    To be free from false imprisonment/arrest; and

F.    To receive equal protection under law.

80.    As a result of the foregoing, plaintiff DANIEL SEDA is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**<u>Supplemental State Law Claims</u>**

81.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "80" with the same force and effect as if fully set forth herein.

82.    Within ninety (90) days after the June 17, 2011 claim herein accrued, plaintiff duly served upon, presented to and filed with the CITY OF NEW YORK, a Notice of Claim setting forth all facts and information required under the General Municipal Law 50-e.

83.    The CITY OF NEW YORK has wholly neglected or refused to make an adjustment or payment thereof and more then thirty (30) days have elapsed since the presentation of such claim as aforesaid.

84.    This action was commenced within one (1) year and ninety (90) days after the cause of action herein accrued.

85.    Plaintiff has complied with all conditions precedent to maintaining the instant action.

86.    This action falls within one or more of the exceptions as outlined in C.P.L.R. 1602.

## AS AND FOR A NINTH CAUSE OF ACTION
### (False Arrest under the laws of the State of New York)

87.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "86" with the same force and effect as if fully set forth herein.

88.    Defendants arrested plaintiff on June 17, 2011 without probable.

89.    Beginning on June 17, 2011, plaintiff was detained against his will for an extended period of time and subjected to physical restraints.

90.    As a result of the aforementioned conduct, plaintiff was unlawfully imprisoned in violation of the laws of the State of New York.

91.    As a result of the aforementioned conduct, plaintiff suffered physical and mental injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

92.    As a result of the foregoing, plaintiff DANIEL SEDA is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A TENTH CAUSE OF ACTION
### (Assault under the laws of the State of New York)

93.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "92" with the same force and effect as if fully set forth herein.

94.    As a result of the June 17, 2011 arrest, plaintiff DANIEL SEDA was placed in apprehension of imminent harmful and offensive bodily contact.

95.    As a result of defendants' conduct, plaintiff DANIEL SEDA has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

96.    As a result of the foregoing, plaintiff DANIEL SEDA is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR AN ELEVENTH CAUSE OF ACTION
(Battery under the laws of the State of New York)

97.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "96" with the same force and effect as if fully set forth herein.

98.    On June 17, 2011, the defendants made offensive contact with plaintiff without privilege or consent.

99.    As a result of defendants' conduct, plaintiff has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

100.    As a result of the foregoing, plaintiff DANIEL SEDA is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A TWELFTH CAUSE OF ACTION
(Malicious Abuse of Process under laws of the State of New York)

101.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "100" with the same force and effect as if fully set forth herein.

102.    Defendants issued criminal process against plaintiff by causing him to be arrested on June 17, 2011, and requiring his appearance in Richmond County Criminal Court.

103.    Defendants compelled plaintiff's appearance to obtain a collateral objective

outside the legitimate ends of the legal process, to wit: to cover up their acts of brutality and abuse of authority.

104.    As a result of the foregoing, plaintiff DANIEL SEDA is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A THIRTEENTH CAUSE OF ACTION
(Intentional Infliction of Emotional Distress under the laws of the State of New York)

105.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "104" with the same force and effect as if fully set forth herein.

106.    The aforementioned conduct beginning on June 17, 2011 was extreme and outrageous, and exceeded all reasonable bounds of decency.

107.    The aforementioned conduct was committed by defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

108.    The aforementioned conduct was committed by defendants while acting in furtherance of their employment by defendant CITY OF NEW YORK.

109.    The aforementioned conduct was intentional and for the sole purpose of causing severe emotional distress to plaintiff.

110.    As a result of the aforementioned conduct, plaintiff suffered emotional distress, physical and mental injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

111.    As a result of the foregoing, plaintiff DANIEL SEDA is entitled to compensatory

16

damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A FOURTEENTH CAUSE OF ACTION
(Negligent Screening, Hiring, and Retention under the laws of the State of New York)

112.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraph numbered "1" through "111" with the same force and effect as if fully set forth herein.

113.    Upon information and belief, defendant CITY OF NEW YORK failed to use reasonable care in the screening, hiring and retention of the aforesaid defendants who conducted and participated in the arrest of plaintiff on June 17, 2011.

114.    Defendant CITY OF NEW YORK knew, or should have know in the exercise of reasonable care, the propensities of the individual defendants to engage in the wrongful conduct heretofore alleged in this Complaint.

115.    As a result of the foregoing, plaintiff DANIEL SEDA is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A FIFTEENTH CAUSE OF ACTION
(Negligent Training and Supervision under the laws of the State of New York)

116.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "115" with the same force and effect as if fully set forth herein.

117.    Upon information and belief the defendant CITY OF NEW YORK failed to use reasonable care in the training and supervision of the aforesaid defendants who conducted and

participated in the arrest of plaintiff on June 17, 2011.

118.    As a result of the foregoing, plaintiff DANIEL SEDA is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A SIXTEENTH CAUSE OF ACTION
### (Negligence under the laws of the State of New York)

119.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "118" with the same force and effect as if fully set forth herein.

120.    Plaintiff's injuries herein were caused by the carelessness, recklessness and negligence of the defendant CITY OF NEW YORK and its employees and agents, who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct beginning on June 17, 2011.

121.    As a result of the foregoing, plaintiff DANIEL SEDA is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A SEVENTEENTH CAUSE OF ACTION
### (Respondeat Superior liability under the laws of the State of New York)

122.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "121" with the same force and effect as if fully set forth herein.

123.    Defendant CITY OF NEW YORK is vicariously liable for the acts of its

employees and agents who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein related to plaintiff's June 17, 2011 arrest.

124.    As a result of the foregoing, plaintiff DANIEL SEDA is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR AN EIGHTEENTH CAUSE OF ACTION
### (Violation of N.Y.S. Constitution Article 1 §11)

125.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "124" with the same force and effect as if fully set forth herein.

126.    As a result of defendants' conduct, plaintiff was deprived of his right to equal protection of laws.

127.    As a result of the foregoing, plaintiff DANIEL SEDA is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A NINETEENTH CAUSE OF ACTION
### (Violation of N.Y.S. Constitution Article 1 §12)

128.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "127" with the same force and effect as if fully set forth herein.

129.    As a result of defendants' conduct beginning on June 17, 2011, plaintiff was deprived of his right to security against unreasonable searches, seizures, and interceptions.

As a result of the foregoing, plaintiff DANIEL SEDA is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**WHEREFORE**, plaintiff DANIEL SEDA demands judgment and prays for the following relief, jointly and severally, against the defendants:

(A)     full and fair compensatory damages in an amount to be determined by a jury;

(B)     punitive damages against the individually named defendants in an amount to be determined by a jury;

(C)     reasonable attorneys' fees and the costs and disbursements of this action; and

(D)     such other and further relief as appears just and proper.

Dated: Brooklyn, New York
        September 14, 2012

LEVENTHAL & KLEIN, LLP
Attorneys for Plaintiff DANIEL SEDA
45 Main Street, Suite 230
Brooklyn, New York 11201
(718) 722-4100

By:     _____
        BRETT H. KLEIN (BK4744)